United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 6, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-50147
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LUIS CASTRUITA, JR.,
also known as Luis Alvarez Castruita,
also known as Luis Alvarez Castruita, Jr.,
also known as Luis Alvarez,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:03-CR-618-6
--------------------

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Luis Castruita, Jr., appeals his conviction after a jury
trial for conspiracy to possess with intent to distribute a
controlled substance in violation of 21 U.S.C. §§ 841 and 846.
Castruita argues that the evidence was insufficient to show that
he had knowledge of the marijuana in the truck that he was having
towed or that he possessed the marijuana in the truck.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Castruita admitted that he was being paid to transport the marijuana in the truck and that he had, on previous occasions, participated in moving drugs to stash houses in El Paso, Texas. Although Castruita testified that his admissions concerning his participation in transporting the drugs were false and coerced by troopers, the jury could choose to disbelieve his testimony and credit the testimony of the troopers that his admissions were voluntarily given. See United States v. Casilla, 20 F.3d 600, 602 (5th Cir. 1994). In addition, there was circumstantial evidence of Castruita's guilt, including his control over the truck, his inconsistent statements regarding the ownership of the truck, his implausible testimony that he did not know Juan Felipe Carrillo's last name or where he lived, and the implausibility that someone entrusted a large amount of drugs to him without his being involved in the drug-trafficking scheme. See United States v. Villarreal, 324 F.3d 319, 324 (5th Cir. 2003); United States v. Ortega Reyna, 148 F.3d 540, 544 (5th Cir. 1998); United States v. Posner, 868 F.2d 720, 723 (5th Cir. 1989).

The evidence presented at trial was sufficient to allow a rational jury to find that Castruita knowingly possessed the marijuana in the truck. See Ortega Reyna, 148 F.3d at 543. Accordingly, Castruita's conviction is AFFIRMED.